**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KATHY G.,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | )   No. 24 C 8215 |
| v. | ) |
| | )   Magistrate Judge Gabriel A. Fuentes |
| LELAND DUDEK, | ) |
| Acting Commissioner of Social Security,[2] | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**[3]

Before the Court is Kathy G.'s memorandum requesting the Court reverse and remand the Administrative Law Judge's ("ALJ") decision denying her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") (D.E. 15) and Defendant's motion to affirm the ALJ's decision (D.E. 19).

**I.    Procedural History**

Plaintiff applied for SSI and DIB on April 26, 2021, alleging a disability onset date of December 5, 2020, when Plaintiff was in a motor-vehicle accident ("MVA") involving a PACE bus. (R. 13; 1052.) This Court remanded the first ALJ decision, by agreement of the parties, on

---

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court. To the extent the Court uses pronouns in this order, the Court uses those pronouns used by the parties in their memoranda.

[2] The Court substitutes Leland Dudek for his immediate predecessor, Michelle A. King, as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[3] On September 17, 2024, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to Magistrate Judge Gilbert for all proceedings, including entry of final judgment. (D.E. 7, 8.) Magistrate Judge Gilbert noted the prior agreed remand of the case and informed the Executive Committee of this Court's prior involvement in this matter. (D.E. 10.) Magistrate Judge Fuentes was reassigned to this case by Executive Committee Order on October 4, 2024, pursuant to Local Rule 40.3(c). (D.E. 11.)

February 28, 2023. (R. 1126.) Following the remand, the ALJ held a hearing on January 9, 2024, (R. 1066-90) and issued a written decision on June 18, 2024, denying Plaintiff's applications and finding her not disabled under the Social Security Act (the "Act").[4] (R. 1044-57.) This appeal is of that final decision.

## II. The ALJ Decision

The ALJ applied the Social Security Administration's ("SSA") five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since her application date of December 5, 2020. (R. 1047.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of obesity, hypertension, and degenerative disc disease of the lumbar spine. (*Id.*) At Step Three, the ALJ found that Plaintiff did not have an impairment or combination of impairments which meet or medically equal any Listing. (R. 1047-50.) The ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform light work with additional limitations as follows:

> can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, and kneel, crouch or crawl; *can frequently handle or finger, bilaterally*; can frequently reach in all directions with the left upper extremity; can frequently push and pull with the left upper extremity; must avoid working with vibrating equipment; must avoid unprotected heights; and cannot perform production-rate or production-pace work, such as assembly line work.

(R. 1050 (emphasis added).) At Step Four, relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform her past relevant work as a survey worker, both as actually

---

[4] Plaintiff did not file written exceptions with the Appeals Council and the Appeals Council did not review Plaintiff's case on its own within sixty days after the date of the ALJ's decision, making the ALJ's decision the final decision of the agency. R. 1041-43; *see also* 20 C.F.R. §§ 404.955 (the effect of a hearing decision), 404.981 (effect of Appeals Council's decision or denial of review); *Jamileh B. v. Kijakazi*, No. 20 CV 2481, 2023 WL 3172620, at *1 (N.D. Ill. May 1, 2023).

2

performed by Plaintiff and generally performed in the economy. (R. 1056; 1086-87.) The ALJ found Plaintiff not disabled as a result. (R. 1056.)

**III.     Legal Standard**

An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054; *see Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. 2025) (reiterating that Seventh Circuit "review proceeds with a light touch—not holding ALJs to an overly demanding evidentiary standard and in turn reinforcing that claimants bear the affirmative burden of proving their disability"). The Seventh Circuit has clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The district court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted).

IV. Analysis[5]

Plaintiff contends the ALJ erred in two aspects in rendering the decision: (1) by failing to adequately evaluate the limitation of Plaintiff's right hand fingering as opined by the state agency medical consultant, Susan Soler, M.D.; and (2) by failing to obtain a supplemental state agency review of the medical record that would include an ultrasound of Plaintiff's right hand from October 25, 2021. (D.E. 15: Pl. Br. in Supp. of Reversing or Remanding the Decision Subject to Review ("Pl. Mem.") at 8.)

> A. **The ALJ's Determination To Credit the RFC of the State Agency Medical Consultant and Assess Frequent Fingering Bilaterally in Her Decision Was Supported By Substantial Evidence.**

In her memorandum, Plaintiff contends the ALJ "misrepresented the October 18, 2021, opinion of the most recent state agency medical reviewer" because the ALJ "failed to mention that Dr. Soler found that Plaintiff had limited right fingering, without a specification of how limited the right fingering would be." (Pl. Mem. at 8.) Dr. Soler, one of the state agency medical consultants, performed a review of Plaintiff's medical evidence in connection with Plaintiff's application for benefits. (R. 76-77.) Dr. Soler opined, in relevant part, that Plaintiff had "Limited Right" fingering with her right hand, and well as manipulative limitations with reaching in front, laterally, and overhead with her left hand. (R. 76.) The most important factors for the ALJ to evaluate in determining the persuasiveness of medical opinion evidence are the supportability and consistency both internally and with the record as a whole, 20 C.F.R. § 1520c(b)(1)-(2), and the Court finds the ALJ did indeed adequately evaluate supportability and consistency.

The supportability factor provides, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)

---

[5] Plaintiff does not raise any issue with the ALJ's assessment of her mental impairments on appeal. The Court limits its discussion to Plaintiff's physical impairments.

or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c. Here, Dr. Soler recorded that Plaintiff "should be limited to frequent reaching due to L[eft] shoulder pain from injury" and that Plaintiff's right thumb is "unable to" flex at the joint. (R. 77.) Dr. Soler noted from her review of the records that Plaintiff has pain with end range motion, 5-/5 supraspinatus isolation, a positive impingement sign, and reduced range of motion with her left shoulder, due to "posterior RC [rotator cuff] tear" but 5/5 strength. (*Id.*) Dr. Soler pointed to specific records from September 20, 2021, in explaining the manipulative limitations for Plaintiff. (*Id.*) The ALJ determined Dr. Soler's opinion was "generally persuasive" because "Dr. Soler reviewed all of the available evidence, and her opinion was based on that review, as well as her knowledge of the disability program and its requirements." (R. 1054-55.) The ALJ adopted Dr. Soler's opinion of frequent reaching with the left arm/hand. (R. 1054.) The ALJ similarly adopted Dr. Soler's opinion that Plaintiff have a limitation on fingering with her right hand, and based on specific medical evidence, the ALJ found, "the combination of the claimant's severe physical impairments would limit her to work with only frequent reaching in all directions with the left upper extremity; [and] only frequent handling and fingering, bilaterally." (R. 1055.) Contrary to Plaintiff's contention, this was *not* a misrepresentation of the evidence. Although Plaintiff is correct that the ALJ did not explicitly mention that Dr. Soler had listed "Limited Right" for fingering (Pl. Mem. at 8; *see* R. 76), ALJs "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. The Court finds that the ALJ's determination of Dr. Soler's opinion as generally persuasive was based in substantial evidence on the factor of supportability.

5

Next, the consistency factor provides, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c. Here, the ALJ determined that Dr. Soler's opinion "is largely consistent with the clinical findings of tenderness and weakness." (R. 1055.) Dr. Soler's opinions were based on the medical records provided by Plaintiff, and Dr. Soler pointed to specific medical findings to inform her assessment of Plaintiff's reaching limitation for her left arm/hand and her fingering limitation for her right hand. (R. 77.) The ALJ determined there was "insufficient documentation of hand or upper extremity limitation that would warrant greater limitations [than frequent] on reaching, handling, fingering, or other manipulative restrictions. Furthermore, the claimant's injury to her right hand and thumb has been present long before the claimant's 2020 [MVA] accident, and did not prevent her from working." (R. 1054.) Again, the ALJ did *not* misrepresent the evidence. The ALJ's evaluation of the opinions of Dr. Soler as largely consistent with the clinical findings of tenderness and weakness was supported by substantial evidence.

Notably, Plaintiff only takes issue with how the ALJ framed the discussion crediting Dr. Soler's opinions, not the actual opinions or the credit given. (Pl. Mem. at 8-9.) For example, Dr. Soler did not opine any limitations on handling. (R. 76-77.) Yet Plaintiff argues that Plaintiff should have been limited to occasional fingering *and* handling as a result of Dr. Soler's review (Pl. Mem. at 9), even though the ALJ assessed handling limitations for Plaintiff to her benefit. (R. 1050.) The ALJ determined Plaintiff's handling limitation should be frequent due to consideration of the combination of her severe impairments, as well as the exacerbating effect of Plaintiff's obesity. (R. 1055.) In fact, the ALJ found the opinion of the other state agency medical consultant, Reynaldo Golanco, M.D., not persuasive because the opinion failed to "adequately consider the

6

combined effect of the claimant's impairments, particularly her obesity." (R. 1054.) *See Tutwiler v. Kijakazi*, 87 F.4th 853, 859-60 (7th Cir. 2023) (finding the ALJ's departure from the RFC recommended by the state agency physicians showed "careful consideration . . . based on [the ALJ's] independent review of the full evidentiary record."). Plaintiff is essentially asking the Court to disregard the ALJ's assessment of the limitations to which she disagrees (fingering), but at the same time, to credit and extend the ALJ's assessment of any additional limitations to which she agrees (handling). The Court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez*, 96 F.4th at 1021 (internal quotations omitted). The Court declines Plaintiff's invitation to disturb the ALJ's determinations as to Dr. Soler's RFC opinions, particularly considering those determinations extended beyond the limitations opined by Dr. Soler, to Plaintiff's benefit.

Accordingly, the ALJ did not err in her evaluation of the medical opinion evidence from Dr. Soler, and her evaluation was supported by substantial evidence.

### B. The ALJ's Analysis of Plaintiff's Right-Hand Ultrasound Was Supported By Substantial Evidence.

Plaintiff argues the ALJ erred in failing to submit Plaintiff's October 25, 2021, ultrasound of her right hand for state agency review because "there was a reasonable probability that the ultrasound might have persuaded the reviewer to specify that Plaintiff could handle or finger only occasionally with the right hand, which would have precluded Plaintiff's past work." (Pl. Mem. at 13.) Plaintiff contends that "[b]ecause this ultrasound changed the picture too much, there must be an updated medical expert review of how manipulatively limited Plaintiff is. Not being a doctor, the ALJ was unable to determine the limitations of Plaintiff's right hand impairment indicated by the ultrasound." (*Id.* (citations omitted).) The Court disagrees.

Contrary to Plaintiff's assertion, the ALJ did not "play doctor" to interpret the October 2021 ultrasound of Plaintiff's right hand. Rather, the ALJ "properly relied on the expert interpretations" of the doctor who conducted the ultrasound, *Bakke v. Kijakazi*, 62 F.4th 1061, 1067 n.2 (7th Cir. 2023), and explained that those findings did not change the ALJ's assessment of Plaintiff's RFC. The ALJ stated:

> Specifically, the claimant has a possible chronic partial tear of the right FPL tendon and arthritis of the hand, but these impairments are not demonstrated to meet the durational requirement (i.e, it is not clear that they caused significant work-related functional limitations for a continuous 12-month period). In October 2021, the claimant presented for a physical exam . . . . *The claimant followed up with Dr. Megan Conti Mica [Plaintiff's treating physician] the next month; the provider noted the claimant had no restrictions. Additionally, the claimant testified that the thumb injury occurred long before the claimant's alleged onset date in this claim, and did not prevent work at or above SGA levels during the period prior to this claim.*

(R. 1048 (emphasis added and internal citations omitted).) The Court finds this determination by the ALJ was supported by substantial evidence for three reasons. First, Plaintiff makes no argument that her 20-year-old right-hand injury was exacerbated by the December 5, 2020, MVA, and Plaintiff's applications for SSI and DIB list only "back injury, left shoulder injury, head injury, left foot injury, neck injury, HBP, diabetes, and depression." (R. 71.) Second, even if Plaintiff's right-hand injury had been exacerbated by the accident, which Plaintiff does not allege, Plaintiff's treating physician opined no restrictions for Plaintiff's right hand as of November 2021, 11 months after the accident. (R. 945.) Finally, Plaintiff's own testimony established that even with her long-standing right-hand injury, Plaintiff was able to handle and lift patients of over 100 pounds daily from 2017 to 2020 when she was working as a medical assistant in home healthcare. (R. 1077.) The ALJ's analysis reveals that the ALJ was not independently interpreting the October 2021

ultrasound, but rather, that the ALJ properly relied on the medical impression of Plaintiff's treating physician and on Plaintiff's own testimony.

Accordingly, the Court finds the ALJ's determination that Plaintiff's right-hand impairments did not meet the durational requirement was supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's memorandum requesting the Court reverse and remand the ALJ's decision (D.E. 15) and grants Defendant's motion to affirm (D.E. 19).

**SO ORDERED.**

                                                **ENTER:**

                                                **GABRIEL A. FUENTES**
                                                **United States Magistrate Judge**

**DATED: March 11, 2025**